# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:94CR50017 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **BENNY PAUL,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On May 31, 1995, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On April 10, 2008, the court received a motion from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and eight counts of distribution of cocaine, in violation of 21 U.S.C. § 841. According to the findings and conclusions of the Presentence Investigation Report—which this court adopted—the defendant was responsible for 12 kilograms of crack cocaine.

At the time that the defendant was originally sentenced, he had a Total Offense Level of 41 with a Criminal History Category of VI, giving him a guideline range of 360 months to life. The government filed a Substantial Assistance Motion and the defendant's sentence was reduced to 216 months for the conspiracy count and 156 months for each of the distribution counts, to run concurrently.

Under the amended sentencing guidelines, 12 kilograms of crack cocaine correlates with a base offense level of 38. After accounting for the two-level enhancement for using a firearm, the four-level enhancement for being an organizer, and the three-level deduction for accepting responsibility, the defendant's Total Offense Level is 41. With a Criminal History Category of VI, the amended guidelines recommend a term of imprisonment from 360 months to life, the same as

at the defendant's original sentencing.

Pursuant to USSG § 1B1.10(b)(2)(B), "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." At the defendant's original sentencing, the bottom of the guideline range was 360 months and his sentence was reduced by 40% pursuant to a substantial assistance motion, giving him a 216-month sentence. Under the amended guidelines, the bottom of the guideline range is 360 months. Of course, reducing 360 months by 40% still results in a sentence of 216 months. Unfortunately, the defendant falls into that group of crack cocaine offenders who were held responsible for more than 4.5 kilograms of crack cocaine and, therefore, are unaffected by the recent guideline amendments.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 429) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

    ENTER: April 21, 2008

    /S/ JAMES P. JONES
    Chief United States District Judge